F. M. Woodsmall Construction Co. v. Hall, 198 Ill. App. 250.

## F. M. Woodsmall Construction Company, Defendant in Error, v. Dr. George F. Hall, Plaintiff in Error.

## Gen. No. 21,085.

1. MUNICIPAL COURT OF CHICAGO, § 14*—*when jury may not consider inconsistency of grounds of defense in affidavits of merits or defense.* Inconsistency of grounds of defense contained in affidavits of merits or defense filed in Municipal Court of Chicago is not a matter for the jury's consideration.

2. MUNICIPAL COURT OF CHICAGO, § 14*—*when affidavits of merits or defense not admissible in evidence.* Affidavits of merits or defense filed in action in Chicago Municipal Court, two of which had been stricken, were not admissible in evidence before the jury in such action, to impeach the defendant who had filed them, on the theory that they were inconsistent and made in bad faith, and that defendant's testimony, which conflicted with plaintiff's, was on that account less reliable, nor were they admissible for any other purpose, but were calculated to be prejudicial to defendant in the weight the jury gave to material evidence.

Error to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed March 9, 1916.

WILLIAM GILLESPIE, for plaintiff in error.

MATHER & HUTSON, for defendant in error; WILLIAM A. SHEEHAN, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE BARNES delivered the opinion of the court.

This action was brought to recover the balance of the contract price for building a cement fence. The jury rendered a verdict in favor of plaintiff, the Construction Company, for $802.50, and judgment was entered thereon.

Defendant Hall claimed and sought to show that the work was not done in a careful, workmanlike manner, and that there was faulty construction in laying a foundation of insufficient depth so that the frost cracked the cement.

There was direct conflict of evidence between plaintiff's president and defendant as to conversations had between them bearing on their arrangement and the liability of the cement to crack. . The former said he told defendant that cement laid on a two-foot foundation, such as the plans used called for, was liable to crack, and defendant denied that he was so informed. Their evidence was somewhat conflicting on other points so that the jury's verdict may have been determined on the question of their respective credibility. On the points of difference the evidence was so close as to render it important that improper and prejudicial evidence calculated to affect such question should not have been received or should have been excluded. But evidence of that sort was admitted.

Defendant filed three affidavits of merits or defense. The first two had been stricken. The three were offered and received in evidence, but not on the theory that any one of them set up admissions against defendant's interests. In fact none did. Nor were they used, nor admissible in this case for use, in the usual way of impeachment. It is difficult to see, however, that they could have been considered for any other purpose. They were admitted on the theory of their "inconsistency," as stated by the court in the hearing of the jury, and while the record shows the court

said it would instruct the jury thereon and no instructions are saved in the record, still as they were inadmissible, the instructions, whatever they were, could not cure the error of permitting them to go to the jury for any purpose. Inconsistency of pleadings is not a matter for the jury's consideration. Different grounds of defense were stated in the different affidavits. What influence they had on the jury cannot be determined. But the jury may have reasoned that the defenses in the different affidavits. were, as the court intimated, inconsistent, and therefore made in bad faith, and hence that defendant's testimony was less reliable on that account. We can conceive of no other purpose of their introduction than to impeach defendant's credibility, or of any other significance a jury would attach to them. As they were admissible for no purpose and calculated to be prejudicial to defendant in the weight the jury gave to material evidence, there should be a new trial.

*Reversed and remanded.*